UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      Case No.: 8:10-cr-148-VMC-MAP

BRANDON ALLEN

_____/

## ORDER

This cause is before the Court pursuant to Defendant Brandon Allen's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 and Section 603 of the First Step Act of 2018 (Doc. # 104), filed on January 8, 2021. The United States of America responded on January 13, 2021. (Doc. # 106). For the reasons that follow, the Motion is denied.

### I.   Background

In April 2011, the Court sentenced Allen to 188 months' imprisonment for possession of a firearm by a convicted felon and possession with intent to distribute 5 grams or more of cocaine base, a quantity of cocaine, and less than 50 kilograms of marijuana. (Doc. # 72). Allen filed a Section 2255 motion in 2014, and the Court denied that motion. (Doc. ## 97-99). Additionally, the Court denied a sentence reduction under Amendment 782 because Allen, as an armed

1

career criminal, was not eligible for relief. (Doc. ## 101-103). Allen is 35 years old and his projected release date is October 27, 2023. (Doc. # 106 at 1).

In his Motion, Allen seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, primarily because he believes he should not have been sentenced as a career offender and armed career criminal. (Doc. # 104). The United States has responded (Doc. # 106), and the Motion is ripe for review.

## II.  Discussion

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially applies to Allen is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and

compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Allen bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Even if the catch-all provision permits the Court to grant compassionate release for reasons not listed above, the Court would still deny the Motion because Allen has not presented any extraordinary and compelling circumstances. Allen complains that his advisory guidelines range should have been lower, and he should not have been sentenced as an armed career criminal. (Doc. # 104 at 6-7). But Allen's arguments do not come close in degree of seriousness to the examples of extraordinary and compelling circumstances

outlined by the Sentencing Commission. Thus, Allen's claims
of alleged legal errors do no warrant compassionate release.
See United States v. Lisi, No. 15 CR. 457 (KPF), 2020 WL
881994, at *4 (S.D.N.Y. Feb. 24, 2020)("[T]he Court believes
that it would be both improper and inconsistent with the First
Step Act to allow Lisi to use 18 U.S.C. § 3582(c)(1)(A) as a
vehicle for claiming legal wrongs, instead of following the
normal methods of a direct appeal or a habeas petition."),
reconsideration denied, No. 15 CR. 457 (KPF), 2020 WL 1331955
(S.D.N.Y. Mar. 23, 2020). As another district court has
explained, "nobody has suggested that the 'extraordinary and
compelling' standard can be satisfied by claims of legal error
or other alleged wrongs that are cognizable on direct appeal
from a conviction or by means of a habeas corpus petition."
United States v. Rivernider, No. 3:10-CR-222(RNC), 2020 WL
597393, at *4 (D. Conn. Feb. 7, 2020). Indeed, Allen already
raised the same arguments in his Section 2255 motion (Doc. #
97), which the Court denied. (Doc. # 99).

Finally, to the extent Allen argues that compassionate
release is also warranted because of the COVID-19 pandemic
(Doc. # 104 at 10), the Court disagrees. As the Third Circuit
explained, "the mere existence of COVID-19 in society and the
possibility that it may spread to a particular prison alone

4

cannot   independently   justify   compassionate   release, especially   considering   BOP's   statutory   role,   and   its extensive  and  professional  efforts  to  curtail  the  virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Brandon  Allen's  Motion  for  Modification  of  Sentence Pursuant  to  18  U.S.C.  §  3582  and  Section  603  of  the  First Step Act of 2018 (Doc. # 104) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of January, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE